TOMPKINS (JOHNSON v.). See Case No. 7,416.

## Case No. 14,090.
### TOMPKINS v. RANKIN.
[3 Cent. Law J. 443.][1]
Circuit Court, D. Massachusetts. 1876.
COPYRIGHT—PLAY—ENTRY UPON TITLE PAGE—DATE.

This case has been litigated in most of the large cities, from the Atlantic seaboard to the Mississippi valley, and has now been decided upon its merits in the United States circuit court for the district of Massachusetts, by Mr. District Judge Lowell, Mr. Circuit Judge Shepley concurring. The style of the case in that court was Orlando Tompkins v. Arthur McKee Rankin et al. According to a brief report of the decision which we find in the Boston Advertiser, the bill set forth, among other things, that in 1873 Adolph D'Ennery and Eugene Cormon were the authors of the play in the French language; that they agreed to convey to N. Hart Jackson the right to produce the play in the United States and to translate and adapt the play to the American stage, and joint authors of the translation, and Jackson to be sole author of any adaptation that might be made of the play; that Jackson adapted the play to the American stage, and it has been performed in New York and had become popular; that the right to this play was assigned to the plaintiffs, Shook and Palmer; that on February 1, 1875, the translation was copyrighted, and the plaintiff, Tompkins, the manager of the Boston Theatre, purchased the right of exclusive representation in the city of Boston; that the defendant, Rankin, who was a dramatic artist, and actor, was formerly engaged at Union Square Theatre in New York at the time of the original production of the play, and became then familiar with it; that Rankin and the other defendants, who were proprietors of the Howard Athenæum, had combined together to reproduce the drama in violation of

the plaintiffs' right. The plaintiffs asked that the defendants might be enjoined from publishing or performing the play, and from advertising such performance. The defendants in their answer denied that the plaintiffs had any valid copyright, in that they had not complied with the conditions of the copyright act. They further said that the play was translated into English by John Oxenford of England, and was acted in London; that in August, 1875, Rankin purchased the Oxenford translation of Henry Neville in London, which translation was prior in point of time to that of Jackson; that Rankin had the lawful right to produce the play; that Jackson's version was not identical with this, and that it is the translation of Oxenford, and not of Jackson, that it is proposed to produce at the Howard. Upon the title page of the Jackson translation the notice of the copyright is as follows: "Entered according to the act of congress in the office of the librarian of congress, by N. Hart Jackson, as author aforesaid, and the copyright thereof duly assigned to Sheridan Shook and Albert M. Palmer as proprietors thereof. 1875."

T. W. Clark, for plaintiffs.

S. J. Thomas and A. Russ, for defendants.

Before SHEPLEY, Circuit Judge, and LOWELL, District Judge.

LOWELL, District Judge. It was held that the entry on the title-page of the Jackson translation, taken in connection with the figures "1875," which were at the bottom of the title-page in the place where the date of publication usually appears, was not a compliance with either form of requirement of section 1, c. 301, pt. 3, 18 Stat. That section is as follows: "That no person shall maintain an action for the infringement of his copyright unless he shall give notice thereof by inserting in the several copies of every edition published, on the title page, or the page immediately following, if it be a book, the following words: 'Entered according to the act of congress, in the year ——, by A. B, in the office of the librarian of congress, at Washington;' or at his option, the word 'Copyright,' together with the year the copyright was entered, and the name of the party by whom it was taken out, thus: 'Copyright, 18—, by A. B.' "

The injunction was accordingly denied.